**Oluwagbolade Olatunde OMIDIRE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76615.

United States Court of Appeals, Ninth Circuit.

Submitted: Dec. 3, 2007 *.

Filed: Jan. 3, 2008.

Oluwagbolade Olatunde Omidire Florence, AZ, pro se.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Linda S. Wendtland, Esq., Edward C. Durant, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

## MEMORANDUM **

Oluwagbolade Olatunde Omidire, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

The record does not compel the conclusion that the untimely filing of the asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5).

Substantial evidence supports the IJ's determination that Omidire failed to establish eligibility for withholding of removal.

The evidence that Omidire presented does not compel a finding that future persecution is an objectively reasonable possibility. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir.2005). Similarly, Omidire failed to substantiate his claim that he would be unable to obtain medicine for his high blood pressure in Nigeria or that the inability to obtain medicine constitutes persecution. *See id.* Omidire also remained in Nigeria for a year and a half without incident after committing the acts that are the basis of his fear of future persecution. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir.1991) (noting that the BIA may properly consider as significant petitioner's continued safe and undisturbed residence in his homeland after occurrence of event which is alleged to have induced his fear). Finally, Omidire's concern about the "chaotic" situation in Nigeria is not based on a protected ground that confers eligibility for withholding of removal. *See Elias–Zacarias*, 502 U.S. at 482, 112 S.Ct. 812.

Omidire failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Nigeria. *See Nahrvani*, 399 F.3d at 1154.

Omidire's claim that the IJ violated his due process rights by denying his request for a continuance to obtain additional evidence is denied because he failed to show prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). His claim that the IJ violated his due process rights when the IJ failed to inform him of his right to counsel on a continuing basis subsequent to the initial hearing is also denied because he failed to show prejudice. *See id.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We deny Omidire's motion to present additional evidence.

**PETITION FOR REVIEW DENIED.**